IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00203-RTG

CARL LLOYD SHEELER,

    Plaintiff,

v.

U.S. BANK, National Association, as Trustee of Cabana Series V Trust ("Cabana"), and
    as Trustee of VRMTG Asset Trust ("VRMTG"),
SHELLPOINT, Servicer for the Trusts,
SECURITY NATIONAL SERVICING NATIONAL CORPORATION ("SNSC"),
MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"),
RELIABLE LENDING SERVICES, LLC ("RELIABLE"), and
ALPINE BANK, et al.,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Carl Lloyd Sheeler, has filed *pro se* "Plaintiff's Complaint for Damages and Other Statutory Relief" (ECF No. 1). The Court must construe the Complaint liberally because Mr. Sheeler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Sheeler will be directed to file an amended complaint.

**I. The Complaint**

Mr. Sheeler alleges he owns real property in Durango, Colorado. He brings this action "for declaratory judgment, injunctive and equitable relief, and for compensatory,

special, general and punitive damages and to set aside the Judicial Judgment of Foreclosure due to fraudulent or misleading documents being filed into the court." (ECF No. 1 at p.3 ¶5.) He specifically asserts the following claims for relief:

> First Cause of Action: Set Aside Judgment of Foreclosure Due to Lack of Assignment, Failure to File Correct IRS Forms, Supply Disclosures at Closing, Failure to Allow Modification or Purchase of Property Ruing Mr. Sheeler's Credit and Reputation
>
> Second Cause of Action: Accounting
>
> Third Cause of Action: Breach of Contract
>
> Fourth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing
>
> Fifth Cause of Action: Promissory Estoppel
>
> Sixth Cause of Action: Negligence
>
> Seventh Cause of Action: Concealment
>
> Eighth Cause of Action: False Promise
>
> Ninth Cause of Action: Fraud, Violation of Fed. Rule 60(b), 11 U.S.C. § 105(a)
>
> Tenth Cause of Action: Negligent Misrepresentation
>
> Eleventh Cause of Action: Detrimental Reliance
>
> Twelfth Cause of Action: Violations of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p

## II. Analysis

• **Rule 8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2)

a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The Complaint does not include a short and plain statement of the claims Mr. Sheeler is asserting that demonstrates he is entitled to relief as required under Rule 8. Vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Furthermore, "[t]he court cannot take on the responsibility of serving as the

litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a cognizable claim in federal court Mr. Sheeler must identify, clearly and concisely, who he is suing, the specific claims he is asserting, the specific right allegedly violated in each claim, against which Defendant or Defendants each claim is asserted, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

To aid Mr. Sheeler in preparing and filing an amended complaint that complies with the Federal Rules of Civil Procedures, the Court will describe some of the requirements that may be applicable to the claims she is asserting.

• **FDCPA**

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. General Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013). "The FDCPA's private-enforcement provision, [15 U.S.C.] § 1692k, authorizes any aggrieved person to recover damages from 'any debt collector who fails to comply with any provision' of the FDCPA." *Id.*

Here, Mr. Sheeler makes only vague and conclusory allegations in support of his

FDCPA claim that Defendants "violated FDCPA by using false, deceptive and/or misleading representations and/or means in collection of the US Bank as Trustees and their servicers, et al account obligations," "were involved in other fraudulent activity against Plaintiff by not validating the debt after receiving numerous debt validation letters," "violated FDCPA by falsely misrepresenting the character, amount, and/or legal status of the US Bank as Trustees and their servicers, et al account obligation," "violated FDCPA by using a false representation or deceptive means to attempt to collect the US Bank as Trustees and their servicers, et al account obligation, an obligation that may not be theirs," and "violated FDCPA by attempting to collect an amount (including interest, fees and charges as early as 2019) not expressly authorized by any agreement creating the US Bank as Trustees and their servicers, et al account obligation or permitted by law." (ECF No. 1 at p.26.)

• **State Law Claims and Supplemental Jurisdiction**

Mr. Sheeler indicates he is asserting several claims for violations of his rights under Colorado state law, but he fails to provide a clear statement of each state law claims he is asserting. If Mr. Sheeler is asserting a federal claim over which the Court has original jurisdiction, the Court can exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, Mr. Sheeler still must provide a short and plain statement of each claim he is asserting that demonstrates he is entitled to relief.

If all of the claims over which the Court has original jurisdiction are dismissed, the Court may decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(a); *see also Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir. 2011) (recognizing that a district court should usually decline to exercise supplemental jurisdiction over any outstanding state claims if no federal claim exists).

• **Jurisdictional Issues**

Even if Mr. Sheeler alleges facts demonstrating his rights somehow have been violated, the Court may be barred from exercising jurisdiction over the claims if, as it appears, he is asking the Court to review and reverse a state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Instead, review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543

(10th Cir. 1991). The United States Court of Appeals for the Tenth Circuit repeatedly has held that the *Rooker-Feldman* doctrine applies to prevent federal attacks on a completed foreclosure. *See Crowe v. Clark*, 552 F. App'x 796 (10th Cir. 2014); *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 837-38 (10th Cir. 2013); *Dillard v. Bank of New York*, 476 F. App'x 690, 691-92 (10th Cir. 2012).

Even if no final judgment has been entered in the state court action, this Court still may be required to abstain from exercising jurisdiction over any claims asking the Court to intervene in ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof. Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

## III. Conclusion

For these reasons Mr. Sheeler must file an amended complaint if he wishes to pursue any claims in this action. Pursuant to Rule 5.1(c) of the Local Rules of Practice

of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Sheeler will be directed to file his amended complaint on the court-approved Complaint form.

Mr. Sheeler is advised that he may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days from the date of this Order**, an amended complaint on the court-approved Complaint form. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the action may be dismissed without further notice.

DATED January 24, 2025.

BY THE COURT:

_Richard T. Gurley_
Richard T. Gurley
United States Magistrate Judge