IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00203-RTG

CARL LLOYD SHEELER,

   Plaintiff,

v.

U.S. BANK, National Association, as Trustee of Cabana Series V Trust ("Cabana"), and
   as Trustee of VRMTG Asset Trust ("VRMTG"),
SHELLPOINT, Servicer for the Trusts,
SECURITY NATIONAL SERVICING NATIONAL CORPORATION ("SNSC"),
MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"),
RELIABLE LENDING SERVICES, LLC ("RELIABLE"), and
ALPINE BANK, et al.,

   Defendants.

---

ORDER DENYING MOTION

---

This matter is before the Court on "Plaintiff's Emergency Ex-Parte Motion for Temporary Restraining Order" (ECF No. 2) filed *pro se* by Plaintiff on January 21, 2025. The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff alleges he owns real property in Durango, Colorado. In "Plaintiff's

1

Complaint for Damages and Other Statutory Relief" (ECF No. 1), he asserts claims that relate to foreclosure proceedings in Colorado state court. Plaintiff specifically asserts the following claims for relief:

>First Cause of Action: Set Aside Judgment of Foreclosure Due to Lack of Assignment, Failure to File Correct IRS Forms, Supply Disclosures at Closing, Failure to Allow Modification or Purchase of Property Ruing Mr. Sheeler's Credit and Reputation
>
>Second Cause of Action: Accounting
>
>Third Cause of Action: Breach of Contract
>
>Fourth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing
>
>Fifth Cause of Action: Promissory Estoppel
>
>Sixth Cause of Action: Negligence
>
>Seventh Cause of Action: Concealment
>
>Eighth Cause of Action: False Promise
>
>Ninth Cause of Action: Fraud, Violation of Fed. Rule 60(b), 11 U.S.C. § 105(a)
>
>Tenth Cause of Action: Negligent Misrepresentation
>
>Eleventh Cause of Action: Detrimental Reliance
>
>Twelfth Cause of Action: Violations of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p

Plaintiff contends this action is brought "for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages and to set aside the Judicial Judgment of Foreclosure due to fraudulent or misleading documents being filed into the court." (ECF No. 1 at p.3 ¶5.)

As noted above, Plaintiff also has filed a motion (ECF No. 2) seeking a temporary restraining order. Plaintiff alleges again that he "is facing foreclosure on January 15, 2025," although he also refers without explanation to January 22, 2025, on the first page of the motion, and he asks that Defendants be barred "from proceeding with a judicial foreclosure sale until this case has been concluded in Bankruptcy court." (ECF No. 2 at p.27.) Plaintiff asserts his home is unique and non-fungible, and foreclosure and eviction will cause irreparable injury and substantial harm far outweighing the potential injury to Defendants. Plaintiff also asks that this case be consolidated with a closely-related unlawful detainer action, but he does not provide any other information about the unlawful detainer action.

**Motion for Temporary Restraining Order**

Plaintiff's motion for a temporary restraining order does not comply with Rule 65 of the Federal Rules of Civil Procedure and the Court's local rules.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Court's local rules provide that a motion for a temporary restraining order

> shall be accompanied by a certificate of counsel or an unrepresented party, stating: (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or (2) the efforts made by

the moving party to provide the required notice and documents. Except as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order.

D.C.COLO.LCivR 65.1A.

Plaintiff fails to provide the required certificate regarding his attempts to furnish pleadings and/or give notice to the Defendants. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Additionally, Plaintiff fails to set forth specific facts clearly showing that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. As noted above, Plaintiff apparently seeks to prevent a foreclosure that already happened on January 15, 2025. Accordingly, it is

ORDERED that "Plaintiff's Emergency Ex-Parte Motion for Temporary Restraining Order" (ECF No. 2) is DENIED.

DATED: January 28, 2025.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Court Judge