**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00203-CMA-RTG

CARL LLOYD SHEELER,

    Plaintiff,

v.

U.S. BANK, National Association, as Trustee of Cabana Series V Trust ("Cabana"), and as Trustee of VRMTG Asset Trust ("VRMTG"),
SHELLPOINT/SLS, Servicer for the Trusts,
MERS,
PUBLIC TRUSTEE, and
ERIC PALMER/REDEMPTION PARTIES, et al.,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on "Plaintiff's Amended Complaint for Damages" (ECF No. 27)[1] filed *pro se* by Plaintiff, Carl Lloyd Sheeler, on April 7, 2025. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 21).

The Court must construe "Plaintiff's Amended Complaint for Damages" liberally because Mr. Sheeler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S.

---

[1] "(ECF No. 27)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the action be dismissed.

## I. DISCUSSION

• **Background**

This case involves residential real property in Durango, Colorado. Mr. Sheeler brings this action against Defendants to stop or reverse foreclosure on the property. Mr. Sheeler alleges he received "RESPA/CARES Act forbearance" during the COVID-19 pandemic and he believes the forbearance remains in effect. However, "[d]espite the Plaintiff's ongoing efforts to obtain and maintain relief, the Defendants proceeded with foreclosure proceedings . . . in direct violation of 12 C.F.R. § 1024.41(g), which prohibits the practice of dual tracking – the act of proceeding with foreclosure while the Plaintiff was in forbearance." (ECF No. 27 at p.4.) Although not entirely clear, it appears the foreclosure proceedings have ended and the property was sold at public auction earlier this year because Mr. Sheeler alleges Defendant Eric Palmer had the winning bid.[2]

Mr. Sheeler asserts six claims for relief: (1) Violation of RESPA (12 U.S.C. § 2605) against Shellpoint/SLS, U.S. Bank, La Plata County Public Trustee, and Eric

---

[2] As another indicator that the foreclosure proceedings have concluded, Mr. Sheeler alleged in his original complaint commencing this action that he was seeking relief "to set aside the Judicial Judgment of Foreclosure." (ECF No. 1 at p.23.)

Palmer; (2) Violation of FDCPA (15 U.S.C. § 1692, et seq.) against Shellpoint/SLS; (3) Unjust Enrichment against U.S. Bank and Shellpoint/SLS; (4) Intentional Infliction of Emotional Distress against U.S. Bank and Shellpoint/SLS; (5) Wrongful Foreclosure against U.S. Bank, Shellpoint/SLS, and Public Trustee; and (6) Fraudulent Misrepresentation against U.S. Bank and Shellpoint/SLS. Mr. Sheeler does not assert any claims against MERS, another Defendant listed in the caption of "Plaintiff's Amended Complaint for Damages." Mr. Sheeler seeks the following relief:

> A. Declaratory Judgment that Defendants' foreclosure actions were illegal.
>
> B. Grant Plaintiff compensatory and punitive damages in excess of $2,000,000.
>
> C. Punitive Damages for willful misconduct.
>
> D. Injunctive Relief Barring Defendants from continuing foreclosure proceedings.
>
> E. Attorney's Fees and Costs, if applicable.
>
> F. Any further relief the Court deems just.

(ECF No. 27 at p.18.)

• **Analysis**

If the state court foreclosure proceedings have concluded as it appears, Mr. Sheeler's claims trigger the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. The *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

In essence, Mr. Sheeler may not seek what in substance would be appellate review of the state court determination that resulted in the termination of his property

rights. *See Horton v. Clark*, No. 90-5254, 1991 WL 240115, at *1 (10th Cir. Nov. 15, 1991) (citing the *Rooker-Feldman* doctrine and explaining that even if adverse state foreclosure proceedings were "unconstitutional, the [federal] district court could not by way of injunction effectively become an appellate court and review the state court judgment, usurping a role reserved exclusively for the Supreme Court"). As such, "Plaintiff's Amended Complaint for Damages" is subject to being dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine. *See Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647-48 (10th Cir. 2004) ("Where the *Rooker-Feldman* doctrine applies, a federal court lacks jurisdiction to reach the merits and, thus, has no power but to dismiss the case without prejudice to refiling in state court, where the only issue decided by the federal court – its own jurisdiction – has no preclusive effect."); *see also* Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

And, to the extent Mr. Sheeler may be seeking injunctive relief to enjoin ongoing state-court foreclosure proceedings, his claims suffer from at least two problems. First, the Court lacks authority to enjoin a state-court foreclosure action. The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. And caselaw confirms that an injunction to stop a state-court foreclosure action is barred by the Anti-Injunction Act. *See Horton*, 1991 WL 240115, at *1 (stating that the Anti-

Injunction Act "applies to state foreclosure proceedings"); *see also Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (concluding that the Anti-Injunction Act bars federal courts from enjoining state-court foreclosure actions); *Van Romburgh v. Nationstar Mortg. LLC*, No. 19-cv-01962-DDD-NRN, 2019 WL 4643654, at *2 (D. Colo. July 26, 2019) ("The [Anti-Injunction] Act prohibits this Court from enjoining the pending state court foreclosure proceedings."). Mr. Sheeler does not identify any exceptions to the Anti-Injunction Act that might permit the Court to grant an injunction, and so the Anti-Injunction Act bars the injunctive relief he requests.

Second, even if the Anti-Injunction Act did not apply, the *Younger* abstention doctrine does. Under the *Younger* abstention doctrine, federal courts are prohibited from interfering with ongoing state proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889. *Younger* abstention is non-discretionary and must be invoked if the three conditions are met, absent extraordinary circumstances. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Here, if the state foreclosure proceedings have not concluded, the first condition for *Younger* abstention is met.

The second condition also is met because the Supreme Court has held it to be "beyond question" that ensuring the security of titles to real estate is "an essential state interest." *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the "title of every piece of realty purchased at foreclosure . . . under a federally created cloud"); *see also Horton*, 1991 WL 240115, at *1 (stating that a foreclosure proceeding "is precisely the type of case where federal courts out of concerns of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings").

Under the third condition, Mr. Sheeler makes no showing of extraordinary circumstances or that he does not have an opportunity to raise his claims during the state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019) (stating that the Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal"). Instead, as the Tenth Circuit recognized in *Horton*, Mr. Sheeler "may still resort to the state review process to vindicate his claims." *Horton*, 1991 WL 240115, at *1. Thus, *Younger* serves as an additional bar.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that "Plaintiff's Amended Complaint for Damages" (ECF No. 27) and the action be dismissed without prejudice for lack of subject matter jurisdiction.[3]

DATED April 22, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).